UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re | Chapter 7 |
| JOHNNY RAY MOORE, | Case No. 12-51027 (AHWS) |
| Debtor. | |

UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
AMENDED MOTION TO AMEND OR MAKE ADDITIONAL FINDINGS OF FACT
PURSUANT TO RULE 7052, 9014 AND 7062 OF F.R. BANKR. P.

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), through his undersigned counsel, hereby objects to the Debtor's Amended Motion To Amend Or Make Additional Findings of Fact Pursuant To Rule 7052, 9014 and 7062 of F.R. Bankr. P. ("Motion") filed on November 3, 2014 (ECF 364).

PRELIMINARY STATEMENT

The Motion is unclear as to the relief sought. To the extent that the debtor Johnny Ray Moore ("Debtor") seeks an order of this Court that makes findings of fact and conclusions of law under Fed. R. Bank. P. 7052 ("Rule 7052"), the United States Trustee is willing to submit proposed findings of fact and conclusions of law for the Court's consideration and has no objection to that relief. To the extent that the Debtor seeks an evidentiary hearing and/or seeks reconsideration of the October 29, 2014 order of this Court converting the Debtor's case from chapter 11 to chapter 7 (ECF 358) ("Conversion Order"), the United States Trustee objects on

1

the grounds that there is no need for an evidentiary hearing, that the Conversion Order appropriately entered, and that the Debtor has failed to demonstrate grounds for reconsideration. Additionally, to the extent that the Debtor is seeking a stay of the Conversion Order under Fed. R. Bank. P. 7062 ("Rule 7062"), the Debtor has failed to meet his burden to demonstrate that a stay is appropriate.

## FACTS

1.  The Debtor filed a *pro se* voluntary individual chapter 13 petition on May 31, 2012. ECF 1. The Debtor's case was converted to chapter 11 on November 19, 2012 on the Debtor's motion. ECF 83 and 84. On October 15, 2013, the Court approved the employment of Attorney Mark Kratter as counsel to the Debtor. ECF 224. By order dated August 19, 2014, Attorney Kratter withdrew as counsel. ECF 306. On November 25, 2014, Attorney David Volman filed an appearance on behalf of the Debtor. ECF 372.

2.  On March 26, 2014, the United States Trustee filed a motion to compel the Debtor to file monthly operating reports and file a plan and disclosure statement or, in the alternative, a motion to convert ("UST Motion to Compel/Convert"). ECF 251.

3.  On April 9, 2014, the Court approved a stipulated order signed by then counsel for the Debtor, Attorney Mark Kratter, and by counsel for the United States Trustee which resolved the UST Motion to Compel/Convert ("Stipulated Timetable Order"). ECF 257.

4. Under the terms of the Stipulated Timetable Order, the Debtor was required to file a chapter 11 disclosure statement and a chapter 11 plan by September 2, 2014.  ECF 257.

5. Under the terms of the Stipulated Timetable Order, the penalty for failing to file a chapter 11 disclosure statement and a chapter 11 plan by September 2, 2014 was either conversion to chapter 7 or dismissal of the case. ECF 257.

6. The Debtor failed to file a chapter 11 disclosure statement or a chapter 11 plan by September 2, 2014.  *See* case docket.

7. On September 25, 2014, the undersigned counsel for the United States Trustee filed a Declaration of Non-compliance with the Stipulated Timetable Order and requested entry of an order converting the case to chapter 7 pursuant to the terms of the Stipulated Timetable Order ("UST Non-Compliance Declaration").  ECF 327.

8. On September 30, 2014, the Debtor filed a counter-affidavit in response to the UST Non-Compliance Declaration ("Debtor Affidavit").  ECF 329.

9. The Court scheduled a hearing on the UST Non-Compliance Declaration and the Affidavit for October 28, 2014.  ECF 330.

10. On October 28, 2014, the Court held a hearing on the UST Non-Compliance Declaration and the Affidavit and heard argument by counsel for the United States Trustee and the Debtor.  The Court also considered the motion to convert filed by secured creditor Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage

Loan Trust, Series 2013-18 ("Christiana Trust Motion to Convert") and the Debtor's objection thereto. ECF 321 and 341, respectively. Lastly, the Court considered the statement filed by the Connecticut Department of Revenue Services in support of the UST Non-Compliance Declaration's request for conversion due to the Debtor's failure to pay post-petition taxes. After argument, the Court ordered that the Debtor's case be converted to chapter 7 based on the failure to comply with the Stipulated Timetable Order and the Christiana Trust Motion to Convert.

11. On October 29, 2014, the Court entered the Conversion Order and granted conversion under the UST Non-Compliance and the Christiana Trust Motion to Convert. ECF 358.

12. On November 3, 2014, the Debtor, proceeding *pro se*, filed the Motion. ECF 364. The Motion is unclear as to the relief sought. To the extent that the Debtor seeks an order of this Court that makes findings of fact and conclusions of law under Rule 7052, the United States Trustee has no objection to that relief and is willing to submit proposed findings of fact and conclusions of law for the Court's consideration. To the extent that the Debtor seeks an evidentiary hearing and/or seeks reconsideration of the Conversion Order, the United States Trustee objects on the grounds that there is no need for an evidentiary hearing, the Conversion Order appropriately entered, and the Debtor has failed to demonstrate grounds for reconsideration. Additionally, to the extent that the Debtor is seeking a stay of the Conversion

Order pending the Court's issuance of findings of fact and conclusions of law, the Debtor has failed to meet his burden to demonstrate that a stay is appropriate.

## ARGUMENT

### 1) *Relief under Rule 7052*

Under Fed. R. Bankr. P. 7052(a),"[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Bank. P. 7052(a)(3); *see also In re Dunne*, 2013 WL 3779979 (Bankr. D. Conn. July 18, 2013, Shiff, J.). As such, the Court was authorized to enter the Conversion Order without making findings or conclusions. Under Rule 7052, which incorporates Fed. R. Civ. P. 52 ("Rule 52"), the Court is authorized to make additional findings of fact if a party so requests. Here, the Debtor has made that request in his Motion.

The Court had a basis to convert the Debtor's case to chapter 7 without conducting an evidentiary hearing and without issuing a written opinion. The Debtor failed to comply with the Stipulated Timetable Order because he failed to file a disclosure statement and plan by September 2, 2014. Those facts are found in the docket of the Debtor's case and not subject to dispute. *See* ECF 257, 327 and case docket. The Stipulated Timetable Order authorized conversion to chapter 7 in the event of the Debtor's non-compliance and the decision to even hold a hearing on the non-compliance was, per the terms of the Stipulated Timetable Order, at the Court's discretion. ECF 257.

To the extent that the Debtor seeks a written decision of the Court to "amplify or expand" the Court's Conversion Order to improve an appellate record, the United States Trustee has no objection to such request and is willing to submit proposed findings of fact and conclusions of law.  To the extent that the Debtor's Motion seeks an evidentiary hearing or reconsideration of the Conversion Order, no basis for ordering that relief exists based on the grounds underlying the conversion.  Further, the Debtor has failed to address (and meet) the standards to obtain relief from the Conversion Order, which are: (a) an intervening change of controlling law, (b) the availability of new evidence, or (c) the need to correct a clear error or prevent manifest injustice. *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d. 99, 104 (2d Cir. 2013) *(citing Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.,* 956 2d. 1245, 1255 (2d Cir. 1992)).

  *2)  Stay under Rule 7062*

The Debtor references Rule 7062 in his Motion and appears, without directly so stating, to be seeking a stay of the Conversion Order pending the outcome of his request for relief under Rule 7052.  To the extent that the Debtor is, in fact, seeking such a stay his request should be denied because the Debtor has not met the standard for a stay.

Rule 7062(b) provides an opportunity for a party to seek a stay of proceedings pending the outcome of a Rule 7052(b) motion seeking an order amending findings or issuing additional findings.  Rule 7062, however, applies to adversary proceedings, and does not automatically

6

apply to contested matters. *In re Greene*, 2012 WL 279434 at *3-4 (Bankr. E.D. Tenn. 2012). As such, the United States Trustee construes the request for a stay as a request under Rule 8005.

The Second Circuit has articulated a four part test for a stay pending appeal under Rule 8005: (1) strong showing by the stay applicant that he is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir 2007). The moving party has the burden of showing entitlement to the stay. *In re Dunne*, 2013 WL 377997 at * 2 (citing cases).  The Debtor has failed to address these requirements and has not met his burden to demonstrate he is entitled to a stay.

## CONCLUSION

The Motion is unclear as to the relief sought.  To the extent that the Debtor seeks an order of this Court that makes findings of fact and conclusions of law under Rule 7052, the United States Trustee is willing to submit proposed findings of fact and conclusions of law for the Court's consideration and has no objection to that relief.  To the extent that the Debtor seeks an evidentiary hearing and/or seeks reconsideration of the Conversion Order, such relief should be denied for the reasons set forth herein.  Further, to the extent that the Debtor is seeking a stay of

7

the Conversion Order pending the Court's issuance of findings of fact and conclusions of law, the Debtor has failed to meet his burden to demonstrate that a stay is appropriate and his request for a stay should be denied.

Dated: New Haven, Connecticut  Respectfully submitted,
       November 25, 2014  WILLIAM K. HARRINGTON
       UNITED STATES TRUSTEE FOR REGION 2

By:   /s/ Holley L. Claiborn
     Holley L. Claiborn /ct 17216
     Trial Attorney
     Office of the United States Trustee
     Giaimo Federal Building
     150 Court Street, Room 302
     New Haven, CT  06510
     (203) 773-2210

**CERTIFICATE OF SERVICE**

       In accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure, Rule 2002-1 of the Local Rules of Bankruptcy Procedure and Local ECF Procedure 4(b), this certifies that a copy of the foregoing Objection was served on all parties listed below via the Electronic Case Filing System maintained by this Court or as otherwise noted below:

On November 25, 2014 via ECF:

Mark L. Bergamo on behalf of Creditor Tower Lien, LLC
mbergamo@marcuslawfirm.com

Andrew Cannella on behalf of Creditor The Bank Of New York Mellon
bkecf@bmpc-law.com

Andrew Cannella on behalf of Creditor The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-12
bkecf@bmpc-law.com

Andrew S. Cannella on behalf of Creditor PennyMac Holdings, LLC
bkecf@bmpc-law.com

Ana M. Fidalgo on behalf of Creditor JPMorgan Chase Bank, National Association
bkecf@bmpc-law.com, afidalgo@bmpc-law.com

Ana M. Fidalgo on behalf of Creditor The Bank Of New York Mellon
bkecf@bmpc-law.com, afidalgo@bmpc-law.com

Ana M. Fidalgo on behalf of Creditor The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2006-12
bkecf@bmpc-law.com, afidalgo@bmpc-law.com

Gerald A. Gordon on behalf of Creditor Christiana Trust, A Division Of Wilmington Savings Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust Trust, Series 2013-18
ggordon@huntleibert.com

Gerald A. Gordon on behalf of Creditor JPMorgan Chase Bank, National Association
ggordon@huntleibert.com

Barbara H. Katz, Trustee
barbarakatz@snet.net, bhkatz@ecf.epiqsystems.com

Barbara H. Katz, Trustee on behalf of Trustee Barbara H. Katz, Trustee
barbarakatz@snet.net, bhkatz@ecf.epiqsystems.com

Michael A. Leone on behalf of Defendant JP Morgan Chase Bank, N.A.
leone@halloran-sage.com

Kim L. McCabe on behalf of U.S. Trustee U. S. Trustee
kim.mccabe@usdoj.gov

Brian D. Rich on behalf of Defendant JP Morgan Chase Bank, N.A.
rich@halloran-sage.com, spencer@halloran-sage.com

Maria A. Santos on behalf of Creditor State of CT, Dept. of Revenue Services
maria.santos@ct.gov

Linda St. Pierre on behalf of Creditor Bank Of America, N.A.
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

Linda St. Pierre on behalf of Creditor Bank of America, N.A c/o Prober & Raphael A Law Corporation
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

Linda St. Pierre on behalf of Creditor Christiana Trust, A Division Of Wilmington Savings Fund Society, FSB, As Trustee For Normandy Mortgage Loan Trust Trust, Series 2013-18
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

Linda St. Pierre on behalf of Creditor JPMorgan Chase Bank, National Association
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

Linda St. Pierre on behalf of Creditor PennyMac Holdings, LLC
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

Linda St. Pierre on behalf of Defendant Christiana Trust A Division of Wilmington ,Savings Fund Society,FBS,as Trustee for Normandy Mortgage Loan Trust,Series 2013-18
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

Linda St. Pierre on behalf of Defendant JP Morgan Chase Bank, N.A.
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

Linda St. Pierre on behalf of Defendant Penny Mac Loan Services,LLC
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

Linda St. Pierre on behalf of Defendant Selene Finance, LLP
bankruptcy@huntleibert.com, lstpierre@huntleibert.com

David G. Volman on behalf of Debtor Johnny Ray Moore
joni@volmanlaw.com

Molly T. Whiton on behalf of Trustee Molly T. Whiton
mtwhiton@mtwhiton.com

On November 25, 2014 via email:

Johnny Ray Moore at johnnyraybanker@gmail.com

                                              /s/ Holley L. Claiborn
                                              Holley L. Claiborn