**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------------------------------x

In re:                                                    Case No.: 12-51027-ast

JOHNNY RAY MOORE,                                          Chapter 7

                                    Debtor.
------------------------------------------------------------x

## ORDER DENYING DEBTOR'S MOTION FOR CONTEMPT
## FOR VIOLATION OF DEBTOR'S DISCHARGE INJUNCTION

Pending before the Court is the motion of Johnny Ray Moore (the "Debtor"), seeking

entry of an order holding  JPMorgan Chase Bank, N.A. ("Chase"), Christiana Trust, a Division

of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust,

Series 2013-18 ("Christiana Trust"), and Hunt Leibert & Jacobson, P.C. ("Hunt Leibert")

(collectively, the "Respondents")  in contempt for their alleged violations of the Debtor's

discharge injunction (the "Motion").  For the reasons stated below, Debtor's Motion is denied.

On May 31, 2012, Debtor filed a voluntary petition for relief under chapter 13 of the

Bankruptcy Code. [dkt item 1]  On November 29, 2012, Debtor's case was converted to one

under chapter 11, and subsequently to chapter 7 on October 29, 2014. [dkt items 84, 358]

On January 9, 2015, Barbara Katz, the Chapter 7 Trustee, filed a report of abandonment

of Debtor's property. [dkt item 423]

On February 4, 2015, Debtor was granted his discharge pursuant to section 727 of the

Bankruptcy Code. [dkt item 437]

On April 18, 2016, Debtor filed the instant Motion, as amended on May 3, 2016, arguing

Respondents should be held in contempt for violation of the discharge injunction for obtaining a

Judgment of Strict Foreclosure on January 19, 2016 (the "Judgment") in the state court

foreclosure proceeding entitled *JPMorgan Chase Bank, N.A. v. Johnny Ray Moore*, CV 09-

6005365 (the "State Court Action"). [dkt items 530, 535]  Debtor also filed an affidavit in

support along with attached exhibits. [dkt item 536]  The Judgment itself is before this Court at

1

On April 27, 2016, Chase filed an objection to the Motion, asserting that it is no longer a party in the State Court Action and was not a party at the time the Judgment was entered, as the subject note and mortgage were assigned to Christiana Trust and its motion to substitute parties was granted on November 4, 2015. [dkt item 533]

On May 10, 2016, Christiana Trust filed an objection to the Motion and counter-moved for sanctions against Debtor pursuant to Bankruptcy Rule 9011 for filing the Motion in bad faith (the "Counter-Motion"). [dkt item 538]

On May 13, 2016, the Court held a hearing on the Motion and the objections thereto, at which Debtor appeared pro se, Michael A. Leone, Esq. appeared on behalf of Chase, and Linda St. Pierre, Esq. appeared on behalf of Christiana Trust.

The only issue before this Court is whether there was an action to collect on a discharged personal liability in violation of section 524(a); this Court has determined there was not.

Section 524(a) of the Bankruptcy Code provides that "[a] discharge in a case under this title . . . (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the *personal liability* of the debtor with respect to any debt discharged under section 727 . . . (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a *personal liability* of the debtor, whether or not discharge of such debt is waived." *See* 11 U.S.C. § 524(a)(1), (2) (emphasis added).

Debtor does not actually state that any of the respondents actually attempted to collect on a discharge in personal liability; rather, his arguments seem to be premised on the assertion that neither Chase nor Christiana Trust ever possessed a valid mortgage on the subject property and lacked standing to obtain the Judgment, thereby violating the discharge injunction.

Thus, Debtor's Motion fails in two material respects. First, section 524 expressly does

not prohibit a mortgage company from pursuing its in rem rights post-discharge; section 524(j)

expressly provides:

> (j) Subsection (a)(2) does not operate as an injunction against an act by a creditor
> that is the holder of a secured claim, if—
>> (1) such creditor retains a security interest in real property that is the
>> principal residence of the debtor;
>> (2) such act is in the ordinary course of business between the creditor and
>> the debtor; and
>> (3) such act is limited to seeking or obtaining periodic payments associated
>> with a valid security interest in lieu of pursuit of in rem relief to enforce
>> the lien.

The evidence submitted by the parties indicate that Christiana Trust simply foreclosed on

its *in rem* rights against Debtor's property, rather than against Debtor personally.  Debtor failed

to provide any evidence that Respondents have otherwise pursued any personal liability against

the Debtor.

Second, Debtor's standing argument is essentially seeking review of the state court

Judgment, which is barred under the *Rooker-Feldman* doctrine. *See Moccio v. N.Y. State Office
of Admin.*, 95 F.3d 195, 197 (2d Cir. 1996); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16,

44 S. Ct. 149, 68 L. Ed. 362 (1923).

Accordingly, the Court finds that there was no violation of Debtor's discharge injunction,

and the Motion should be denied.

Further, the Court finds that Christiana Trust's Counter-Motion for sanctions should be

denied as procedurally defective for failure to comply with Bankruptcy Rule 9011(c).  A motion

for sanctions pursuant to Rule 9011 may not be "filed with or presented to the court unless,

within 21 days after service of the *motion* (or such other period as the court may prescribe), the

challenged paper, claim, defense, contention, allegation or denial is not withdrawn or

appropriately corrected, except that this limitation shall not apply if the conduct alleged is the

filing of the petition in violation of subdivision (b)." *See* FED. R. BANKR. P. 9011(c)(1)(A)

(emphasis added).  This "safe harbor" provision contained in Rule 9011(c) "is a mandatory

prerequisite to an award of sanctions. *See, e.g., In re Pratt,* 524 F.3d 580, 586 (5th Cir. 2008); *In re Spa Chakra Fifth Ave., LLC*, 2013 Bankr. LEXIS 2602 (Bankr. S.D.N.Y. June 27, 2013); *In re Hoffman,* 403 B.R. 237 (Bankr. E.D.N.Y. 2009); *In re Baumblit* 251 B.R. 442, 443 (Bankr. E.D.N.Y. 2000) ("Because Mr. Baumblit failed to comply with the separate notice provisions of Rule 9011, it was an abuse of discretion for the bankruptcy court to impose sanctions."), *aff'd on other grounds*, *In re Baumblit*, 15 Fed. Appx. 30, 2001 WL 880872 (2d Cir. 2001); *In re Burns,* Case No. 08-75936 (AST), 2009 Bankr. LEXIS 1797, at *2-4 (Bankr. E.D.N.Y. June 24, 2009).

Here, Christiana Trust failed to comply with the procedures outlined in Rule 9011; specifically, Christiana Trust was required to serve the motion on Debtor first, then wait 21 days before filing the same with this Court. By failing to do so, Debtor was deprived of the safe harbor and had no opportunity to cure or withdraw his claim. Accordingly, Christiana Trust's Counter-Motion for sanctions is denied.

Based upon the foregoing, it is hereby

**ORDERED**, that Debtor's Motion is denied in its entirety; and it is further

**ORDERED**, that Christiana Trust's Counter-Motion for sanctions is denied.

Dated at Bridgeport, Connecticut this 8th day of August 2016.

By the Court

Honorable Alan S. Trust
United States Bankruptcy Judge